UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AUSBEN L. LOGAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-16-HAB-SLC |
| OFFICER SCHRODER, et al., | |
| Defendants. | |

OPINION AND ORDER

Ausben L. Logan, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Logan is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Logan is incarcerated at the Allen County Jail awaiting trial. He alleges that on the evening of December 13, 2022, Officers Schroder and Graham (first names unknown) were conducting a search of his cell block. He heard them searching the cell

next to his. They then arrived at his cell door, but he was using the toilet. He told them not to come in because he was on the toilet, but they came in anyway. He claims this upset him because his "buttocks were visible" and he was concerned they might "do something sexual to me based on the comfortability to enter my room & invade my privacy as I was pooping." (*Id.* at 2.) As best as can be discerned from his allegations, the officers conducted a search of his cell and then left. He wrote a complaint to jail officials after this incident because he felt "violated," but nothing was done. He claims this incident caused him "a significant amount of worrying & stress" and lost sleep. He seeks monetary damages from the officers and other relief.

Because Mr. Logan is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. A jail official's actions are objectively unreasonable when they are "not rationally related to a legitimate nonpunitive governmental purpose." *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citation omitted). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

2

Based on what Mr. Logan has alleged, he has not stated a plausible constitutional claim against the officers. It is apparent from his allegations that the two officers were simply conducting a search of the cell block, an action rationally related to the legitimate penological objective of keeping the jail free of weapons, drugs, and other contraband.  As the Supreme Court has explained:

> [P]rison administrators are to take all necessary steps to ensure the safety of not only the prison staffs and administrative personnel, but also visitors. They are under an obligation to take reasonable measures to guarantee the safety of the inmates themselves. They must be ever alert to attempts to introduce drugs and other contraband into the premises which, we can judicially notice, is one of the most perplexing problems of prisons today; they must prevent, so far as possible, the flow of illicit weapons into the prison; they must be vigilant to detect escape plots, in which drugs or weapons may be involved, before the schemes materialize. In addition to these monumental tasks, it is incumbent upon these officials at the same time to maintain as sanitary an environment for the inmates as feasible, given the difficulties of the circumstances.

*Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). For this reason, the Supreme Court has held that inmates lack a protected privacy interest in their cells. *Id.* The Court explained that "it would be literally impossible to accomplish the prison objectives identified above if inmates retained a right of privacy in their cells," because "[v]irtually the only place inmates can conceal weapons, drugs, and other contraband is in their cells." *Id.* Thus, "[u]nfettered access to these cells by prison officials . . . is imperative if drugs and contraband are to be ferreted out and sanitary surroundings are to be maintained." *Id.*

There is no factual content from which the court can plausibly infer that the officers conducted a search of Mr. Logan's cell to punish or embarrass him. Instead, when they arrived at his cell he just happened to be using the toilet. It was not

3

objectively unreasonable for them to enter and conduct the search even though he told them not to come in. Indeed, if courts were to adopt the approach proposed by Mr. Logan that no search of an inmate's cell could ever be conducted if the inmate tells the officers not to come in, or if he happens to be using the toilet or undressing when the officers arrive, inmates could effectively hide items in their cell with impunity. *See id.* Such an approach would be inconsistent with the principle that courts must afford substantial deference to prison officials on matters of safety and security. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Even though Mr. Logan is a pretrial detainee, "[t]here is no basis for concluding that pretrial detainees pose any lesser security risk than convicted inmates," and "it may be that in certain circumstances they present a greater risk to jail security and order." *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020).

Inmates do retain limited protection under the Fourth Amendment from unreasonable strip searches and degrading body cavity searches. *Id.* However, Mr. Logan does not allege that the officers strip-searched him or conducted a body cavity search that was unduly degrading. Indeed, there are no allegations from which the court can plausibly infer that the officers touched him, searched his person, or directed him to do anything. As far as the complaint reveals, they simply conducted a search of his cell and moved on. This is not the type of situation that would trigger Fourth Amendment concerns in the correctional context. *Id.*

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible

constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **April 7, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on March 6, 2023.

s/Holly. A Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
